```
                              FILED
                    CLERK, U.S. DISTRICT COURT

                           8/26/2024

                    CENTRAL DISTRICT OF CALIFORNIA
                    BY:      MMC      DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 2:24-CR-00515-MRA |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1955: Operating an Illegal Gambling Business; 18 U.S.C. § 1957: Transactional Money Laundering; 18 U.S.C. § 2(a): Aiding and Abetting the Commission of an Offense; 18 U.S.C. §§ 1955(d), 982, 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| DAMIEN JOSEPH LEFORBES, | |
| Defendant. | |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. §§ 1955, 2(a)]

Beginning on an unknown date and continuing through on or about December 22, 2023, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant DAMIEN JOSEPH LEFORBES aided, conducted, financed, managed, supervised, directed, and owned an illegal gambling business, specifically, a bookmaking business involving the taking of bets on the outcomes of sporting events at agreed-upon odds in violation of California Penal

Code Section 337a, which business: involved at least five persons who conducted, financed, managed, supervised, directed, and owned all or part of the business; had been in substantially continuous operation by at least five persons for a period in excess of thirty days; and had gross revenue of more than $2,000 in a single day.

COUNT TWO

[18 U.S.C. § 1957]

On or about April 14, 2023, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant DAMIEN JOSEPH LEFORBES, knowing that the funds involved represented the proceeds of some form of unlawful activity, knowingly engaged in a monetary transaction affecting interstate commerce in criminally derived property of a value greater than $10,000, to wit, executing a personal check for $1,000,000, drawn on a bank account at Bank A, to a casino in Las Vegas, Nevada, which property, in fact, was derived from specified unlawful activity, namely, operation of an illegal gambling business, committed in violation of Title 18, United States Code, Section 1955, as charged in Count One of this Information.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 1955(d); 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 1955(d) and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offense set forth in Count One of this Information.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

  (a)  Any property, including money, used in such offense, and any property traceable to such property; and

  (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982(a)(1)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of the defendant's conviction of the offense set forth in Count Two of this Information.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) Any property, real or personal, involved in such offense, and any property traceable to such property; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the course of the money laundering offense unless the defendant, in

5

committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.

E. MARTIN ESTRADA
United States Attorney

*/s/ Mack E. Jenkins*

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

MARK A. WILLIAMS
Assistant United States Attorney
Chief, Environmental Crimes and
Consumer Protection Section

JEFF MITCHELL
Assistant United States Attorney
Major Frauds Section