E. MARTIN ESTRADA
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorney
Major Frauds Section
ALEXANDER SU (Cal. Bar No. 297869)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-0487/0719
     E-mail:     Jeff.Mitchell@usdoj.gov
                 Alexander.Su@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:24-CR-515-MRA |
|---|---|
| Plaintiff, | GOVERNMENT'S APPLICATION FOR PRELIMINARY ORDER OF FORFEITURE |
| v. | |
| DAMIEN JOSEPH LEFORBES, | *[Proposed] Preliminary Order Of Forfeiture Lodged Under Separate Cover* |
| Defendant. | *[No Hearing Requested]* |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Alexander Su, hereby applies for issuance of a Preliminary Order of Forfeiture pursuant

to Federal Rule of Criminal Procedure 32.2(b) as to the following property:

     i.   11.88710846 Bitcoin;

    ii.   36,112.279938902166177565 Chainlink;

  iii.   0.18644638 Ethereum;

    iv.   0.12401 USD Coin; and

     v.   322.13653 Tether.

This application, which deals solely with the specific property as to which forfeiture is sought (described in detail above), is supported by defendant's guilty plea and the matters set forth in the accompanying Memorandum of Points and Authorities.


DATED: January 17, 2025          Respectfully submitted,

                             E. MARTIN ESTRADA
                             United States Attorney

                             LINDSEY GREER DOTSON
                             Assistant United States Attorney
                             Chief, Criminal Division

                             JONATHAN GALATZAN
                             Assistant United States Attorney
                             Chief, Asset Forfeiture & Recovery
                             Section

                             JEFF MITCHELL
                             Assistant United States Attorney
                             Major Frauds Section

                         */s/Alexander Su*
                           ALEXANDER SU
                             Assistant United States Attorney
                             Asset Forfeiture & Recovery Section

                             Attorneys for Plaintiff
                             UNITED STATES OF AMERICA

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.    INTRODUCTION**

3        On October 17, 2024, defendant DAMIEN JOSEPH LEFORBES entered a
4  plea of guilty to counts 1 and 2 of the Information (Dkt. 1), which
5  charged defendant with violating 18 U.S.C. § 1955 (operating an
6  illegal gambling business) and 18 U.S.C. §  1957 (transactional
7  money laundering). Dkt. 16. Pursuant to the Forfeiture Allegations
8  of the Information and Federal Rule of Criminal Procedure 32.2(b),
9  the government now applies for the entry of a Preliminary Order of
10 Forfeiture of the following property:

11      i.     11.88710846 Bitcoin;

12      ii.    36,112.279938902166177565 Chainlink;

13      iii.   0.18644638 Ethereum;

14      iv.    0.12401 USD Coin; and

15      v.     322.13653 Tether (collectively, "Forfeitable Property").

16      A proposed order is lodged contemporaneously herewith. The
17 government also requests that the forfeiture of the Forfeitable
18 Property be stated orally at defendant's sentencing and set forth
19 in defendant's Judgment and Commitment Order.

20 **II.   ARGUMENT**

21      **A.    <u>The Nexus Between Defendant's Crimes and the Forfeitable</u>**
22          **<u>Property Has Been Established by the Defendant's Guilty</u>**
23          **<u>Plea</u>**

24      As soon as practicable after entering a guilty verdict or
25 accepting a plea of guilty or nolo contendere on any count in an
26 indictment or information with regard to which criminal forfeiture
27 is sought, the court must determine whether the government has
28 established the requisite nexus between the property and the

offense. Fed. R. Crim. P. 32.2(b)(1). The Advisory Committee Notes for this provision explain that for the preliminary order of forfeiture, the court must determine "if the property was subject to forfeiture in accordance with the applicable statute, e.g., whether the property represented proceeds of the offense, was used to facilitate the offense, or was involved in the offense in some other way." Advisory Committee Notes to Rule 32.2, subdivision (b) (2000 Adoption). The standard of proof regarding the forfeitability of property in a criminal case is preponderance of the evidence. See United States v. Najjar, 300 F.3d 466, 485-86 (4th Cir. 2002); United States v. Shryock, 342 F.3d 948, 991 (9th Cir. 2003) (following Najjar); United States v. DeFries, 129 F.3d 1293, 1312 (D.C. Cir. 1997); United States v. Hernandez-Escarsega, 886 F.2d 1560, 1576-77 (9th Cir. 1989) (interpreting language in 21 U.S.C. § 853); United States v. Bieri, 21 F.3d 819 (8th Cir. 1994) (§ 853).

Thus, the only question before the Court in connection with the requested entry of the proposed Preliminary Order is whether the evidence before the Court is enough to establish by a preponderance of the evidence that there is a nexus between the specific property to be forfeited, and the offense to which defendant pled guilty. See Fed. R. Crim. P. 32.2(b)(1).

The existence or extent of third-party interests in the specific property will be determined after the entry of the preliminary order. See United States v. Lazarenko, 476 F.3d 642, 648 (9th Cir. 2007) ("Upon a finding that the property involved is subject to forfeiture, a court must promptly enter a preliminary order of forfeiture without regard to a third party's interests in the property."). The preliminary order should be

entered promptly in order to avoid unnecessary delay in the
forfeiture process and resolve potential third-party rights. United
States v. Yeje-Cabrera, 430 F.3d 1, 15 (1st Cir. 2005). The
defendant need not be present when the preliminary order is entered.
United States v. Segal, 495 F.3d 826, 837-38 (7th Cir. 2007).

The government is not required to establish the defendant's
ownership of the property either to seize it or to obtain a
preliminary order of forfeiture, and third parties are prohibited
from intervening in the criminal case and cannot complain that they
have to wait for the ancillary proceeding to assert their rights.
Almeida v. United States, 459 F.3d 377, 381 (2d Cir. 2006); 18
U.S.C. § 1963(i). As explained in the Advisory Committee Notes to
Rule 32.2 (2000), the Rule was revised with the intent to eliminate
confusion over whether the extent of the defendant's ownership
interest should be determined by the finder of fact. The new rule
clarified that the only question upon conviction or a guilty plea is
whether there is a nexus between the violation of which the
defendant has been convicted (or to which he has pled) and the
property sought - if there is, the court should enter an order
forfeiting "whatever interest a defendant may have in the property
without having to determine exactly what that interest is." A
defendant cannot object to the entry of a preliminary order on the
ground that the property at issue does not belong to him. United
States v. Schlesinger, 396 F. Supp. 2d 267, 273 (E.D.N.Y. 2005).

Here, all the proof that is necessary is contained in the Plea
Agreement, whereby defendant admitted that the Forfeitable Property
was subject to forfeiture as property representing proceeds of the
offenses; property used to facilitate the offense, and/or property

involved in the offense in some other way regarding the crimes to which he pled guilty, namely operating an unlawful gambling business, in violation of 18 U.S.C. § 1955, and transactional money laundering, in violation of 18 U.S.C. § 1957.

Therefore, the requirements of Rule 32.2(b) have been met and the proposed Preliminary Order should be entered.

## B.    **The Mechanics of the Criminal Forfeiture**

The Preliminary Order of Forfeiture becomes final as to the defendant at the time of sentencing (or before sentencing, if defendant consents). Fed. R. Crim. P. 32.2(b)(3). After entry of the preliminary order, the second phase of the forfeiture proceedings may begin, to determine whether any third-party rights may exist in the specific property to be forfeited. Fed. R. Crim. P. 32.2(c)(1).

Accordingly, the government respectfully requests that the Court enter the proposed Preliminary Order of Forfeiture lodged contemporaneously herewith, authorizing the government to seize the property subject to forfeiture (to the extent it has not already done so) and to commence proceedings governing third-party rights. Fed. R. Crim. P. 32.2(b)(3). Following the Court's disposition of any third-party interests, or the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions, the government shall have clear title to the Forfeitable Property.

## III. FORFEITURE MUST BE PRONOUNCED AT SENTENCING

The Court must pronounce the forfeiture conditions orally as part of the sentence imposed on the defendant and must include the forfeiture in the judgment and commitment order. Fed. R. Crim. P. 32.2(b)(4). The government recommends the following language be read

1 to the defendant and modified as necessary for inclusion in the

2 judgment and commitment order at the time of his sentencing:

3              Pursuant to 18 U.S.C. §§ 1955(d), 982, and 28 U.S.C.

4              § 2461(c), as well as the Information, defendant

5              DAMIEN JOSEPH LEFORBES has forfeited all of his

6              right, title, and interest in the specific property

7              more particularly described in the Preliminary Order

8              of Forfeiture entered on [date].

9 **IV.  CONCLUSION**

10     For the foregoing reasons, the government respectfully requests

11 that the Court forthwith enter the proposed Preliminary Order of

12 Forfeiture lodged herewith.

13

14 DATED: January 17, 2025          Respectfully submitted,

15                                  E. MARTIN ESTRADA
                                    United States Attorney

16                                  LINDSEY GREER DOTSON
                                    Assistant United States Attorney
17                                  Chief, Criminal Division

18                                  JONATHAN GALATZAN
                                    Assistant United States Attorney
19                                  Chief, Asset Forfeiture & Recovery
                                    Section

20                                  JEFF MITCHELL
                                    Assistant United States Attorney
21                                  Major Frauds Section

22

23                                    */s/Alexander Su*
                                    ALEXANDER SU
24                                  Assistant United States Attorney
                                    Asset Forfeiture & Recovery Section
25
                                    Attorneys for Plaintiff
26                                  UNITED STATES OF AMERICA

27

28

                                    7